UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HENRY ANDERSON,

                            Plaintiff,                          **REPORT AND RECOMMENDATION**

     -against-                                             04 Civ. 4331 (SCR) (GAY)

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY,

                            Defendant.
----------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Plaintiff Henry Anderson, proceeding *pro se*, alleges that his former employer, the Port Authority of New York and New Jersey ("Port Authority"), discriminated against him because of his race and retaliated against him for his previous complaints of discrimination and retaliation, in violation of 42 U.S.C. §§ 1981 and 1983, 42 U.S.C. § 2000e *et seq*. and the New York State Human Rights Law ("HRL"). Presently before this Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth below, I respectfully recommend that defendant's motion should be granted in part and denied in part.

**I. BACKGROUND**

The following facts–taken in the light most favorable to plaintiff–are gleaned from the parties' statements pursuant to Local Civil Rule 56.1 of the United States District

Courts for the Southern and Eastern Districts of New York, from the pleadings and from affidavits, affirmations and exhibits submitted by the parties in support of their contentions. Any disputes of material fact are noted.

Plaintiff was employed by defendant Port Authority for over twenty-five years, from 1979 until his termination in January 2005. At all relevant times, plaintiff was employed as an Operations Services Supervisor at JFK International Airport.

Plaintiff filed his first EEOC complaint in November 1997, wherein he alleged that defendant retaliated against him because he had been complaining of racial discrimination since 1991. In May 1998, defendant initiated disciplinary charges against plaintiff for disobeying a supervisor and lying to a co-worker. In September 1999 the EEOC issued plaintiff a right-to-sue letter. In January 1999, following a hearing at which plaintiff was represented by counsel, the hearing officer recommended that plaintiff be suspended for thirty days without pay. Plaintiff served the suspension via alternating weeks on and off.

In November 1999, plaintiff filed his second EEOC complaint, wherein he alleged that he was denied promotions in retaliation for his previous complaints. Plaintiff received a right-to-sue letter in January 2000. Later that same month, plaintiff commenced a lawsuit against the Port Authority in the Eastern District of New York (99 Civ. 8286) wherein he reasserted the allegations in his two previous EEOC complaints and challenged the legitimacy of the prior disciplinary action.

In September 2000, defendant filed disciplinary charges against plaintiff for inappropriate behavior. As the result of a hearing in August 2001 (during which plaintiff was represented by counsel), the hearing officer recommended a compulsory leave of

absence for sixty days without pay.  The hearing officer specifically stated that plaintiff "is now placed on what is tantamount to his final notice that having survived two acts of discipline, should he continue to transgress then future Hearing Officers should read this decision as his last chance and impose a more severe penalty including the possibility of termination."  <u>See</u> Notice of Motion, Exhibit E, at 8.  On November 30, 2001, defendant placed plaintiff on compulsory leave of absence.

On January 30, 2004, plaintiff filed his third EEOC complaint, wherein he alleged that defendant discriminated against him because of his race and national origin and retaliated against him because of his previous complaints.  On February 12, 2004, defendant notified plaintiff that he was suspended immediately pending the outcome of a disciplinary proceeding concerning a phone message plaintiff left on January 27, 2004.  On March 10, 2004, the EEOC issued plaintiff a right-to-sue letter in conjunction with his third EEOC complaint.  On March 15, 2004, defendant filed disciplinary charges alleging that said telephone message contained comments that were inappropriate and disrespectful.  A hearing was held on April 12, 2004, May 28, 2004 and July 23, 2004, during which plaintiff was represented by counsel.

In December 2004, at the conclusion of trial, a jury returned a verdict in favor of defendant.  Plaintiff did not appeal the verdict.

By Findings and Recommendations dated January 3, 2005, the hearing officer recommended that defendant terminate plaintiff's employment.

Plaintiff commenced the instant action on July 28, 2005.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists. LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995). If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial." FRCP 56(e).

When deciding a summary judgment motion, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Caution should be exercised in addressing summary judgment motions in discrimination cases where intent and state of mind are at issue because "careful scrutiny of the factual allegations may reveal circumstantial evidence to support the required inference of discrimination." See Graham v. Long Island R.R., 230 F.3d 34, 38

(2d Cir. 2000) (citations omitted).  Nonetheless, the Second Circuit has expressly "remind[ed the] district courts that the impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable." See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quotation and citation omitted).  On the one hand, mere conclusory allegations of discrimination will not defeat a summary judgment motion; a plaintiff in a discrimination case must proffer "concrete particulars" to substantiate his claim.  See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).  On the other hand, courts must be aware of the fact that "discrimination will seldom manifest itself overtly." Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1999).  Courts must therefore "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."  Id.  Thus, the ultimate question in deciding a summary judgment motion in a discrimination case "is whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances."  Id.

## III.  RACE DISCRIMINATION

In the absence of direct evidence of discrimination, courts analyze claims brought under Title VII pursuant to the three-step burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).  See Schnabel v. Abramson, 232 F.3d 83, 87 (2d Cir. 2000).[1]  Under the McDonnell Douglas framework, plaintiff must first

---

[1] The *McDonnell Douglas* framework also applies to plaintiff's § 1981, § 1983 and state law claims.  See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 75 (2d Cir. 2000) (§ 1981); Norville v. Staten Island Univ. Hosp., 196 F.3d 89 (2d Cir. 1999) (HRL); Sorlucco v. New York City Police Dep't, 888 F.2d 4 (2d Cir. 1989) (§ 1983).

establish a prima facie case of discrimination by demonstrating that: (1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) he was performing his duties satisfactorily; and (4) the circumstances surrounding the employment action give rise to an inference of discrimination.  See Dawson v. Bumble & Bumble, 398 F.3d 211, 216 (2d Cir. 2005).  Plaintiff's burden of establishing a prima facie case is "minimal."  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

If the plaintiff establishes his prima facie case, a presumption that the employer unlawfully discriminated against the employee is raised and the burden of production then shifts to the employer "to articulate some legitimate nondiscriminatory reason" for its actions.  See Fisher v. Vassar College, 114 F.3d 1332, 1335-36 (2d Cir. 1997) (en banc).  "The employer's explanation must be clear and specific, so that the employee has an opportunity to demonstrate pretext."  Hill v. Taconic Dev. Disabilities Serv. Office, 181 F. Supp.2d 303, 317 (S.D.N.Y. 2002).

"Should the defendant carry this burden, the plaintiff must then demonstrate that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  Id.  See St. Mary's Honor Ctr., 509 U.S. at 507-08.  "A plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors."  Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995).  In determining whether the plaintiff has met this burden, the court must take a "case-by-case" approach that weighs "'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports [or undermines]

6

the employer's case.'" James v. New York Racing Ass'n, 233 F.3d 149, 156 (2d Cir. 2000) (quoting Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 148-49 (2000)). Plaintiff, however, must proffer more than speculative, unsupported allegations to rebut an employer's proffered non-discriminatory reasons for its actions. "To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases." Meiri, 759 F.2d at 998. In other words, although the burden of production shifts, "the ultimate burden rests with the plaintiff to offer evidence sufficient to support a reasonable inference that prohibited [age, gender, race or national origin] discrimination occurred." Woodman v. WWOR-TV, Inc., 411 F.3d 69, 76 (2d Cir. 2005) (quotation and citation omitted).

      Here, plaintiff alleges that defendant discriminated against him because of his race by (1) attempting to terminate him, (2) denying him promotions, (3) issuing inaccurate and contradictory written performance evaluations, (4) targeting him for an illegal criminal investigation, (5) denying him raises and (6) instituting bogus disciplinary charges which resulted in his termination. In the first instance, plaintiff's allegations regarding the criminal investigation are unfounded and unsupported by the record. Secondly, plaintiff fails to identify any specific instance of denial of promotion (apart from the issue addressed in his first trial). Further, although plaintiff alleges he was denied a raise, the undisputed evidence establishes that he received the raise in question retroactive to his anniversary date. As to plaintiff's remaining contentions, he fails to establish a prima facie case because he fails to proffer any evidence that the circumstances surrounding the actions about which he complains give rise to an

inference of discrimination. In any event, having thoroughly and painstakingly reviewed the entire voluminous record, this Court concludes that even if plaintiff established a prima facie case of discrimination based on *any* of the above allegations, he proffers only conclusory, speculative allegations to rebut defendant's proffered non-discriminatory reasons for its actions. Accordingly, I respectfully recommend that defendant's motion for summary judgment as to plaintiff's race discrimination claims must be granted.

## IV.  RETALIATION

Plaintiff's retaliation claims are also analyzed pursuant to the burden-shifting framework set forth in *McDonnell Douglass*. See Terry v. Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003). In order to establish a prima facie case of retaliation, "plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that [ ] he engaged in protected participation or opposition under Title VII . . ., (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e. that a retaliatory motive played a part in the adverse employment action." See Kessler v. Westchester Co. Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006) (quotation and citation omitted). As to the fourth element, plaintiff may demonstrate the requisite causal connection either directly through evidence of retaliatory animus, or indirectly by showing that the protected activity was closely followed in time by the adverse action. See Sumner v. United States Postal Serv. 899 F.2d 203, 209 (2d Cir. 1990).

If plaintiff establishes a prima facie case of retaliation, defendant must proffer a legitimate, non-discriminatory reason for the adverse action. See Farias v. Instructional Sys., Inc., 259 F.3d 91, 98 (2d Cir. 2001). If defendant does so, it will be entitled to summary judgment unless plaintiff points to evidence that reasonably supports a finding of pretext and, thus, retaliation. See id.

Here, plaintiff alleges that defendant retaliated against him by (1) relocating his office, (2) altering his work schedule, (3) instigating the FBI's investigation of him, (4) manipulating a phone call, with the FBI's assistance, from his home to his place of work, (5) destroying his marriage, (6) directing Port Authority police officers to harass and intimidate him and (7) instituting disciplinary charges which culminated in his termination. In the first instance, plaintiff's allegations regarding the alleged FBI investigation, the alleged manipulated phone call, the alleged destruction of his marriage and his alleged harassment by Port Authority police officers are unfounded and unsupported by the record. As such, they must be disregarded and may not serve as the basis of any retaliation claim. Plaintiff also fails to point to any record evidence concerning an alteration of his work schedule; said allegation must similarly be disregarded.

Plaintiff also complains that, on November 1, 2002, defendant relocated his office to the west wing of Building 14 and that the relocation was retaliatory. Assuming, *arguendo*, that the relocation constitutes an adverse employment action, plaintiff may not rely on the relocation as the basis of a prima facie case of retaliation because he fails to demonstrate the necessary causal connection. There is no evidence that plaintiff engaged in a specific protected activity that was closely followed in time by the

relocation; nor does the record contain direct evidence of retaliatory animus.

On the other hand, plaintiff has sufficiently demonstrated a prima facie claim of retaliation based upon the March 15, 2004 disciplinary charges and his subsequent termination. It is undisputed (1) that plaintiff's January 30, 2004 EEOC complaint constituted protected activity, (2) that defendant was aware of the complaint and (3) that the disciplinary charge and termination constituted adverse action. Further, plaintiff was notified of his suspension thirteen days after he filed the EEOC complaint. A rational factfinder could therefore infer the requisite causal connection.

Defendant asserts that the March 15th charge (and plaintiff's subsequent termination) stemmed from the fact that, on January 27, 2004, plaintiff left an inappropriate, disrespectful phone message on an extension in a supervisor's office. Clearly, defendant has therefore articulated a legitimate, non-discriminatory reason for the March 15th disciplinary charge. Having done so, defendant is entitled to summary judgment unless plaintiff can point to evidence that defendant was, in fact, motivated by retaliatory animus.

Construing the evidence in the light most favorable to plaintiff, the Court concludes that a reasonable trier of fact could find that defendant's proffered reason is pretextual. Given the strong temporal proximity between plaintiff's January 30, 2004 EEOC complaint and his suspension on February 12, 2004, coupled with the fact that plaintiff left the phone message on January 27, 2007 yet defendant took action only after plaintiff filed his EEOC complaint, a reasonable juror could conclude that defendant retaliated against plaintiff. See Quinn v. Green Tree Credit Corp., 159 F.3d 759, 770 (2d Cir. 1998) (strong temporal correlation combined with other circumstantial

evidence sufficient to raise question of fact as to pretext).  Accordingly, I conclude, and respectfully recommend, that defendant's motion for summary judgment on plaintiff's retaliation claim should be granted in part and denied in part.

## V.  CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that (1) defendant's motion should be granted in part and denied in part, (2) plaintiff's race discrimination claims should be dismissed, and (3) plaintiff's retaliation claim should be dismissed EXCEPT insofar as it is based upon the March 15, 2004 disciplinary charges culminating in plaintiff's termination.

## VI.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(e).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated: June 29, 2007
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.

12