UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRY ANDERSON,

                Plaintiff,

v.

THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY,

                Defendant.

04 Civ. 4331 (SCR)(GAY)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge:**

In this lawsuit, *pro se* plaintiff Henry Anderson alleges that his former employer, the Port Authority of New York and New Jersey, discriminated against him on the basis of his color and national origin, and later unlawfully retaliated against him for filing previous complaints of discrimination. Anderson alleges that the Port Authority's actions violate 42 U.S.C. §§ 1981, 1983, & 2000e et seq. This case was referred to Magistrate Judge Yanthis to issue a Report and Recommendation on the Port Authority's motion for summary judgment.

Judge Yanthis issued the Report and Recommendation on June 29, 2007 (docket entry 57), advising this Court to grant in part, and deny in part, the motion for summary judgment. As Judge Yanthis explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rule of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from June 29, 2007. Anderson filed purported objections to the Report and Recommendation on July 11, 2007, via a

−1−

"motion" for an order to set aside Judge Yanthis' findings in the Report (docket entry 58).

## I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II.     DISCUSSION

### a. Objections to the Report and Recommendation

Anderson properly objects to the Report and Recommendation's characterization of Anderson's discrimination claim, noting that "[t]his case was filed under Title VII as discrimination under national origin," rather than a racial discrimination claim. Docket entry 58. Anderson is correct that his complaint sets out a claim for discrimination on the basis of national origin (Cuban) as well as color. *See* Complaint ¶ 7 (docket entry 1). Nevertheless, Judge Yanthis' mistaken characterization of Anderson's discrimination claim was inconsequential. The Report and Recommendation sets out the appropriate legal framework for analyzing discrimination claims based on either race or national origin. Judge Yanthis did not base his recommendation on Anderson's protected class status; rather, Judge Yanthis dispositively concludes that Anderson "fails to establish a prima facie case because he fails to proffer any evidence that the circumstances surrounding the actions about which he complains give rise to an inference of discrimination." Docket entry 57, p. 8. Moreover, Judge Yanthis explains:

> In any event, having thoroughly and painstakingly reviewed the entire voluminous record, this Court concludes that even if plaintiff established a prima facie case of discrimination based on *any* of the above allegations, he proffers only conclusory, speculative allegations to rebut defendant's proffered non-discriminatory reasons for its actions.

*Id.* Consequently, the Court grants defendant's motion for summary judgment as to Anderson's discrimination claims based on national origin and color.

In contrast, Anderson's other purported objection, styled as a notice of motion under FED. R. CIV. P. 52(a)(5) asking the Court to "set aside findings of Masters Report [sic] by Magistrate Yanthis for clearly erroneous findings of the facts" (*see* docket entry

58), does not warrant *de novo* review by this Court of Judge Yanthis' entire Report and Recommendation. Beyond this broad allegation, Anderson fails to object to any legal rule, analysis, or characterization of material facts in the Report and Recommendation.

This Court has reviewed the remainder of Judge Yanthis' comprehensive and well-reasoned Report and Recommendation and has determined that there is no clear legal error on the face of the record. Accordingly, the Court accepts the remainder of Judge Yanthis' Report and Recommendation in its entirety, and grants in part, and denies in part, the Port Authority's motion for summary judgment. Specifically, the Court adopts Judge Yanthis' recommendation that Anderson's claims for retaliation are dismissed except for his claim arising out of the March 15, 2004, disciplinary charges that culminated in Anderson's employment termination.

### b. Plaintiff's Motions for Contempt, Denial of Summary Judgment, and to Amend the Complaint

Finding no basis for Anderson's hollow allegations that the Port Authority filed an affidavit in bad faith, or for dilatory purposes, or to obstruct justice with respect to summary judgment, Anderson's motion for contempt under FED. R. CIV. P. 56(g) (docket entry 51) is denied. Similarly, Anderson's unsubstantiated accusation that the Port Authority (by its attorneys) committed perjury and perpetrated a fraud on the Court does not constitute a basis to deny the Port Authority's motion for summary judgment. Anderson's request for relief under Rule 60(b)(3) (docket entry 58) is likewise denied as Anderson fails to identify any fraud or misrepresentation by the defendant and no final judgment or order had been entered at the time of Anderson's filing.

Finally, Anderson moves to amend his Complaint to add transactions or events occurring after the Complaint was filed. *See* docket entries 52, 59. FED. R. CIV. P. 15(d)

gives the Court discretion in granting motions to supplement pleadings at this stage. Anderson does not detail any additional events that have occurred since his previous complaint. Moreover, Anderson's motions were filed more than two and three years after the initiation of litigation. Thus, it is inappropriate to amend the pleadings at this stage— after the close of discovery and after motions for summary judgment were fully submitted. Consequently, Anderson's motions to supplement his pleadings are denied as untimely and prejudicial to the defendants.

In summary, the motion for summary judgment in docket entry 37 is granted in part and denied in part. The various motions in docket entries 51, 52, 58, and 59 are denied. The Clerk of the Court is directed to close docket entries 37, 51, 52, 58, and 59.

*It is so ordered.*

Dated: White Plains, New York
January 9, 2009

Stephen C. Robinson, U.S.D.J.